IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RALPH C. BETHEA, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-565-TCK-JFJ |
| | ) | |
| RALPH C. BETHEA, III, M.D., and | ) | |
| RUTH E. BETHEA, | ) | |
| | ) | |
| Defendants, | ) | |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss Complaint filed by defendants Ralph C. Bethea, III, M.D., and Ruth E. Bethea. Doc. 5. In their motion, Defendants assert the Court lacks personal jurisdiction over them; even if personal jurisdiction exists, venue in the Northern District of Oklahoma is improper; and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Plaintiff Ralph C. Bethea, Jr. opposes the motion. Doc. 8.

**I. Allegations of the Complaint**

The Complaint alleges that Plaintiff is a citizen of Oklahoma; Defendants—his parents— are citizens of Missouri; and diversity of citizenship exists. Doc. 1, ¶1. Defendants obtained judgments against Plaintiff in Missouri state court for over $70,000 for destruction of their property, which Plaintiff did not commit. *Id.*, ¶2. Plaintiff was charged with over $35,000 of destroying County property, which he did not commit. *Id.* The judgments were awarded unconstitutionally by a biased anti-YAHUWda (the religion of the plaintiff, a 2400-year-old Scriptural faith) judge. *Id.*

Six times in the course of five years of litigation by defendants against plaintiff, plaintiff asked for Trial by Jury as provided by the U.S. Constitution and the State of Missouri SR 69 and 1.302, but was denied a jury trial. *Id.*, ¶3. Additionally, an established 12-year-old Zackeriah House Assembly Church property was illegally seized and sold before any judgment was rendered against Plaintiff by the anti-YAHUWda judge. *Id.*, ¶4. Plaintiff was the senior pastor of the church. *Id.*, ¶5. The seizure and sale of the church property destroyed Plaintiff's 52-year-old $7.7 [*sic*] a year ministry and took away his Pastorium home of eight years. *Id.*

Plaintiff seeks $77 million in damages for lost ministry tithes and offerings and $28.8 million "loss of and irreparable injury to" his professional ministry career. *Id.* at 4-5.

## II.    Personal Jurisdiction

### A.  Applicable Law

A federal court may exercise personal jurisdiction over a nonresident defendant only when: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 102-104 (1987).

In considering a motion to dismiss pursuant to Rule 12(b)(2), a court must determine whether the plaintiff has alleged sufficient facts to establish the court's personal jurisdiction over the defendant. Plaintiff bears the burden of establishing that the court has personal jurisdiction over defendants. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998); *AST Sports Science, Inc., v. CLF Dist. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). However, where, as here, the question of personal jurisdiction is disputed in the preliminary stages of litigation, "the plaintiff need only make a prima facie showing of jurisdiction to defeat the motion [to dismiss]." *AST Sports Science,* 514 F.3d at 1056. The plaintiff may make a prima facie

showing by demonstrating, by affidavit or other written materials, facts that if true would support jurisdiction over the defendant. *OMI Holdings,* 149 F.3d at 1091. The court will accept as true the allegations in plaintiff's complaint, and all factual disputes will be resolved in the plaintiff's favor. *Intercon Inc. v. Bell Atl. Internet Sol'ns*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

The United States Supreme Court recognizes two types of personal jurisdiction: "general" (sometimes called "all-purpose") jurisdiction and "specific" (sometimes called "case-linked") jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779-1780 (2017).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). "In Oklahoma, this two-part inquiry collapses into a single due process analysis," because Oklahoma permits the exercise of personal jurisdiction to the full extent permitted by the United States Constitution. *Rambo v. American S. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir.1998) (citing Okla. Stat. tit. 12, § 2004 F). Accordingly, the only question remaining is whether the exercise of personal jurisdiction over the nonresident defendant comports with due process. *See AST Sports Science*, 514 F.3d at 1057.

The Due Process Clause prevents courts from exercising jurisdiction over a nonresident defendant unless "there exist 'minimum contacts' between the defendant and the forum state." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *OMI Holdings,* 149 F.3d at 1091). The "minimum contacts" standard can be satisfied in either of two ways: First, the court may exert specific jurisdiction over a defendant who has "purposefully directed his activities at

residents of the forum," provided "the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (internal citations and quotation marks omitted). Alternatively, the court may maintain general personal jurisdiction over a defendant who has maintained continuous and systematic general business contacts with the forum state. *Id.*

### III. Analysis

The Affidavit of Ralph C. Bethea, III, MD, and Ruth E. Bethea establishes that:

- They own real property in and are residents of Christian County, Missouri, and also own real property in Stone County, Missouri.

- They do not own, use or possess real or personal property in Oklahoma; they have no offices, places of business, mailing address or telephone listing in Oklahoma; and they last lived in Oklahoma in 2000.

- They are plaintiffs, and Ralph C. Bethea, Jr. is a defendant in *Ralph C. Bethea, III and Ruth Bethea, Husband and Wife, v. Ralph C. Bethea, Jr. and Maryna Bethea*, 14SN-CC00145, filed August 22, 2014, in the Circuit Court of Stone County, Missouri—at Galena.

- Ralph C. Bethea, Jr., the Plaintiff in this case, is the defendant in the Stone County Circuit Court case.

- The real property at issue in that lawsuit is located in Stone County, Missouri.

- The lawsuit did not involve any real property or allegations involving or occurring in the State of Oklahoma.

- All real property and events giving rise to the lawsuit occurred in Stone County, Missouri.

- Any witnesses to the Missouri lawsuit, aside from the Plaintiff, reside in Missouri, and it would likely be a burden for those witnesses to testify in Oklahoma.

- Because defendants reside in Missouri and have no contacts with the State of Oklahoma, it would be a burden to defend this lawsuit n Oklahoma;

- Defendants have not committed any tort, in whole or part, within the State of Oklahoma.

Doc. 5, Ex. A, Affidavit of Ralph C. Bethea, III, MD, and Ruth E. Bethea.

In addition to their Affidavit, Defendants attach pleadings filed in the referenced action they brought against Ralph Bethea Jr. and his wife in the Circuit Court of Stone County, Missouri at Galena. *Id.*, Exs. B-D.

"The Supreme Court has held that, to exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Accordingly, as a general matter, "if a nonresident party has continuous and systematic general business contacts with the forum state, general personal jurisdiction might exist." *Trujillo v. Williams*, 465 F.3d 1210, 1218 n. 7 (10th Cir. 2006) (internal quotation marks omitted).  General personal jurisdiction over a party permits the forum to resolve any dispute involving that party—not just the dispute at issue. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

The Defendants' Affidavit clearly establishes—and Plaintiff has provided no evidence to the contrary—that Defendants lack sufficient contacts with Oklahoma to confer general jurisdiction over them.  Likewise, none of the events giving rise to Plaintiff's claim occurred in Oklahoma.  Thus, the Court lacks specific jurisdiction over Defendants.

Having so concluded, the Court does not address Defendants' arguments that venue in the Northern District of Oklahoma is improper or that the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### IV.     Conclusion

Defendants' Motion to Dismiss (Doc. 5) is hereby granted.

ENTERED this 7th day of June, 2021.

TERENCE C. KERN
United States District Judge